IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHILIP JOHNSON, | ) |
| Plaintiff, | ) Civ. Docket No. 07-1853 (FSH) |
| v. | ) **OPINION & ORDER** |
| NEW YORK ADMINISTRATION FOR CHILDREN'S SERVICES, et al., | ) September 28, 2007 |
| Defendants. | ) |

**HOCHBERG, District Judge:**

This matter having come before the Court on Defendant City of New York's Motion to Dismiss pro se Plaintiff Johnson's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),[1] on the grounds that Plaintiff's claims are barred by the doctrine of claim preclusion/*res judicata*;[2] and this Court having reviewed the parties' written submissions pursuant to Fed. R. Civ. P. 78; and

---

[1] Motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim result in a determination on the merits at an early stage of a plaintiff's case. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). As a result, "plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn." Id. In order to survive a 12(b)(6) motion to dismiss, "[t]he plaintiff must allege facts sufficiently detailed to 'raise a right to relief above the speculative level,' and must 'state a claim to relief that is plausible on its face.'" Pronational Ins. Co. v. Shah, No. 07-1774, 2007 WL 2713243, *1 (E.D. Pa. Sept. 17, 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). At this stage, the Court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Haspel v. State Farm Mut. Auto. Ins. Co., No. 06-3716, 2007 WL 2030272, *1 (3d Cir. July 16, 2007) (quoting Twombly, 127 S. Ct. at 1969).

[2] "The affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion 'when all of the relevant facts are shown by the court's own records.'" Freeman v. Sikorsky Aircraft Corp., 151 F. App'x 91, 92 (2d Cir. 2005) (quoting Day v. Moscow, 955 F.2d 807, 811 (2d Cir.1992)).

it appearing that Plaintiff brings claims under 42 U.S.C. §§ 1983, 1985(3), 1986, alleging that Defendants violated his procedural due process rights when Defendant New York Administration for Children's Services ("ACS") conducted emergency removals of his children on June 3, 2002 and March 11, 2004 based on allegations of abuse and maltreatment; and

it appearing that Plaintiff previously litigated the alleged due process violations stemming from the June 3, 2002 emergency removal in the United States District Court for the Eastern District of New York;[3] and

it appearing that Plaintiff previously litigated the alleged due process violations stemming from the March 11, 2004 emergency removal in the United States District Court for the Southern District of New York;[4] and

it appearing that in federal court, "the law of the issuing court...determines the preclusive effects of a prior judgment." Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir. 1999); and

it appearing that in the Second Circuit, the party asserting claim preclusion "must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 (2d Cir. 2000) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)); and

---

[3] See Johnson v. Queens Administration for Children's Services, No. 02-CV-4497, 2006 WL 229905 (E.D.N.Y. Jan. 31, 2006) ("Johnson I").

[4] See Johnson v. New York, No. 04-CV-1070, 2007 WL 764514 (S.D.N.Y. Mar. 9, 2007) ("Johnson II").

it appearing that Plaintiff's claims in <u>Johnson I</u>, which arose from the emergency removal of June 3, 2002, were adjudicated on the merits and that the court granted summary judgment for defendants on Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986. <u>See</u> 2006 WL 229905 at *5 ("Accordingly, there has been no violation of his constitutional right to due process."); and

it appearing that Plaintiff's claims in <u>Johnson II</u>, which arose from the emergency removal of March 11, 2004, were adjudicated on the merits and that the court granted summary judgment for defendants on Plaintiff's claims under 42 U.S.C. § 1983 and "The Constitution of the United States and All of Its Amendments...." <u>See</u> 2007 WL 764514 at *1, *7 ("Accordingly, plaintiff's constitutional right to the custody of his children was not violated because a 'reasonably perceived emergency' situation existed."); and

it appearing that "the claims asserted in the [instant] action were, or could have been, raised in the prior action[s]."[5]  <u>See</u> <u>Monahan v. New York City Dept. of Corrections</u>, 214

---

[5] Specifically, Defendant alleges that he was not provided with the proper paperwork informing him of his right to a hearing at the time of either removal. <u>See</u> Compl. at 3. This claim was raised and ultimately rejected by both courts to consider it. <u>See</u> <u>Johnson I</u>, 2006 WL 229905 at *4-*5; <u>Johnson II</u>, 2007 WL 764514 at *1. Defendant also alleges that his constitutional rights were violated when a police officer summoned to his house told him that he had to let his children go to school. <u>See</u> Compl. at 4. This claim was raised and rejected in <u>Johnson II</u>, 2007 WL 764514 at *2.

Defendant then claims that an unnamed police officer violated his rights by allegedly advising his daughter not to return home after school. <u>See</u> Compl. at 5. Plaintiff goes on to allege that ACS caseworker Pierre-Louis "ill-advis[ed]" his daughter of Plaintiff's right to home school her. <u>Id.</u> at 5. Finally, Plaintiff alleges a conspiracy between ACS caseworkers and the police stemming from the second emergency removal. <u>Id.</u> at 6-7.

These specific allegations are not discussed in the Eastern District's opinion, although the facts that give rise to these allegations are discussed in detail. <u>See</u> <u>Johnson II</u>, 2007 WL 764514 at *3-*4. These claims could - and should - have been raised in Plaintiff's previous action stemming from the second emergency removal of his children. "Simply put, the doctrine

F.3d 275, 285 (2d Cir. 2000); and

>it appearing that, to the extent Plaintiff's claims concern the adequacy of the Family Court proceedings, "a district court is barred from reviewing issues that have already been adjudicated in the state court" by the Rooker-Feldman doctrine.  Johnson I, 2006 WL 229905 at *2 fn. 2 (citing Exxon Mobil Corp v. Saudi Basic Indus. Corp, 544 U.S. 280 (2005)); see also Johnson II, 2007 WL 764514 at *15 fn. 2;

**IT IS** on this 28th day of September, 2007

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's claims against Defendants City of New York, City of New York Administration for Children's Services, Administration for Children's Services Caseworkers Kagan, Pollack, and Pierre-Louis, and the New York Police Department is **GRANTED**.

 /s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

of *res judicata* provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Nevada v. United States, 463 U.S. 110, 129-130 (1983) (citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)); Angell v. U.S. Army Corps of Engineers, 149 F. App'x 34, 36 (2d Cir. 2005).  Therefore, to the extent that these claims were not specifically considered by the Eastern District and Southern District, they are nevertheless also barred by *res judicata*.